ERIC MORRIS,

       Plaintiff,

       v.                            Case No. 26-cv-0091-bhl

WARDEN CHRIS STEVENS,
SECURITY JAMES KENT,
UNIT SUPERVISOR MR. PREBEG, and
UNIT MANAGER H. BROWN,

       Defendants.

## SCREENING ORDER

Plaintiff Eric Morris, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 27, 2026, the Court screened the complaint and after concluding that it failed to state a claim upon which relief could be granted, gave Morris the opportunity to file an amended complaint, which he did on March 11, 2026. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

**ALLEGATIONS OF THE AMENDED COMPLAINT**

Morris asserts that Defendants violated his rights "when they den[i]ed him all opportunity for exercise outside his cell . . . for extended periods." He states that he filed inmate complaints about recreation being cancelled, but the situation was not remedied. He states that the "deprivation has caused plaintiff physical and mental harm including muscle deterioration, stress and depression, loss of normal movement and exercise and emotional distress."

**THE COURT'S ANALYSIS**

Morris fails to state a claim upon which relief can be granted for the reasons explained in the original screening order. As was the case with Morris's original complaint, the amended complaint does not include sufficient factual matter for the Court to reasonably infer that his constitutional rights were violated. Morris again asserts that the DOC's recreation policy was violated, but as previously explained, "violation of a prison policy alone does not violate the Constitution or suggest deliberate indifference." *Schroeder v. Sawall*, 747 F. App'x 429, 431 (7th Cir. 2019) (citing *Langston v. Peters*, 100 F. 3d 1235, 1238 (7th Cir. 1996)).

Moreover, despite the Court's specific instructions for Morris to include details about "who cancelled his recreation time, how long it was cancelled, [and] why it was cancelled," the amended complaint includes none of this basic information necessary to support a claim. Again, without this information, the Court cannot reasonably infer that his constitutional rights were violated by any of the named Defendants or anyone else. *See Ashcroft*, 556 U.S. at 678 ("The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). As the Supreme Court has acknowledged, "the problems that arise in the day-to-day operation of a corrections facility are not susceptible to easy solutions. Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Morris's vague allegation that recreation was cancelled by an unspecified person for an unspecified number of times and for an unspecified duration in violation of DOC policy is insufficient for the Court to reasonably infer that his rights were violated. The Court gave Morris the opportunity to provide this information; he chose not to, and the Court will

not speculate on these points.  Accordingly, Morris fails to state a claim upon which relief can be granted, and this action must be dismissed.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
